## MURRAY A. BARTLETT

*v.*

## MOSES W. POWELL.

PARTNERSHIP—*when firm liable for debt of one partner.* Where two persons, as partners in the erection of buildings, have dealt largely with a person in the roofing business, and one of the partners employs such person in and about a building of his own, and the person doing such work has no notice of the fact the work is for the individual partner, but does the work on the credit of the firm as in prior dealings, a recovery by him for his services, against the firm, will not be disturbed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by Moses W. Powell, against James Allen and Murray A. Bartlett, jointly, to recover from them an alleged indebtedness due the plaintiff for roofing some houses.

The case was tried by the court without a jury, resulting in a finding and judgment in favor of the plaintiff against both defendants for $298.39 and costs of suit, to reverse which Bartlett alone appealed.

Mr. C. BROWNELL, for the appellant.

Messrs. E. H. & N. E. GARY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The question of most importance made on this record is, whether defendants are jointly liable to plaintiff for his claim. Previous to, and at the time of contracting the indebtedness, defendants were partners engaged in erecting buildings, and had dealt largely with plaintiff, who was in the roofing business. Defendant Bartlett, who alone prosecutes this appeal, insists the work for which plaintiff seeks to recover, was done for his co-defendant, Allen, on property owned by him; that the firm had nothing whatever to do with it, and that before the work was undertaken, he notified the agent of plaintiff that if he did the work he must look to Allen alone for the pay. On the other hand, plaintiff insists the work was done for the firm of Allen & Bartlett, and that he never received any notice to the contrary from Bartlett or any one else.

On all the points controverted the evidence is contradictory, and treating the finding of the court, to whom the cause was submitted for trial, as we would the verdict of a jury, as the rule is, we do not see how the judgment can be disturbed. There is evidence that tends to support plaintiff's theory of the case, that the work was done on the credit of the firm and was ordered by the firm as other work. Of course it was the province of the court trying the cause as a jury to consider the whole evidence and judge of its credibility. That duty the court has performed, and as there is evidence that tends to justify its finding, both as to the amount due and the joint liability of defendants, the judgment will be affirmed.

*Judgment affirmed.*